**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM LOPEZ HURTADO, | |
| Petitioner, | Civil Action No. 23-2259 (KMW) |
| v. | **OPINION** |
| WARDEN, FCI FORT DIX, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition (ECF No. 1) filed by Petitioner William Lopez Hurtado. Following an order to answer, the Government responded to the petition. (ECF No. 6.) Despite ample time within which to do so, Petitioner did not file a reply. For the following reasons, the petition is denied.

**I.   BACKGROUND**

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) Petitioner argues in his petition that he should be eligible to receive credits under the First Step Act, but has been denied eligibility solely on the basis of an immigration detainer lodged against him. (*Id.* at 2, 9-11.) Petitioner therefore requests that the Court order the BOP to consider him eligible to receive credits notwithstanding his detainer. (*Id.*) However, Petitioner did not exhaust his claims before filing his habeas petition because he believes his case is exempt from the exhaustion requirement. (*See* ECF No. 1 at 2; ECF No. 1-2.)

Contrary to Petitioner's assertions, however, the Government has presented the Court with a final order of removal issued as to Petitioner on May 23, 2023. (ECF No. 6-1.) Based on this document, it appears that Petitioner is now subject to a final order of removal. The Government therefore argues that Petitioner is actually statutorily barred from receiving credits under the First Step Act. (*See* ECF No. 6.) The Government also argues that the petition should be dismissed for failure to exhaust administrative remedies, as Petitioner admittedly did not use the prison grievance system before filing his habeas petition. (*Id.*; *see also* ECF No. 6-2.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner contends that he should be entitled to credits under the First Step Act as he believes he is subject to only an immigration detainer, which should not render him ineligible under the statute. In contrast, the Government contends that because Petitioner received a removal order, he is now statutorily ineligible from receiving or applying FSA credits. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. §

2

3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). Because the Government has provided the Court with a copy of Petitioner's administrative final order of removal, and Petitioner has not shown that the order does not constitute a final order of removal, it fully appears that Petitioner is now statutorily ineligible to receive or apply any credits under the First Step Act. As Petitioner is barred from receiving or applying FSA credits, his petition seeking an order granting such credits must be denied.

Although Petitioner's final order of removal is enough to resolve this matter, the Court further notes that Petitioner did not even attempt to resolve his claim administratively prior to filing his habeas petition in this matter. Petitioner's failure to pursue such administrative procedures prior to filing suit prevents him from litigating this issue before this Court. Habeas petitioners are required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because Petitioner did not even attempt to resolve his claims administratively prior to filing his habeas petition, and has not otherwise shown an entitlement to evade the exhaustion

3

requirement, his petition would be subject to dismissal for lack of exhaustion even had his claims been of greater merit.

## IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge